UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALBERTO DAVILA,<br><br>                                      Plaintiff,<br><br>           -v-<br><br>UNITED STATES DEPARTMENT OF VETERAN AFFAIRS,<br><br>                                      Defendant. | No. 23-CV-3666 (KMK)<br><br>ORDER OF DISMISSAL |

KENNETH M. KARAS, District Judge:

Alberto Davila ("Plaintiff"), brings this Action against the United States Department of Veteran Affairs ("Defendant"). (*See generally* Compl. (Dkt. No. 1).)

Plaintiff filed his Complaint on May 3, 2023. (*Id.*) On October 30, 2023, the Court issued an Order to Show Cause by no later than November 15, 2023, as to why this case should not be dismissed for failure to serve. (Dkt. No. 2.) To date, Defendant has not been served and Plaintiff has not responded to the Court's Order to Show Cause. (*See generally* Dkt.)

This Court has the authority to dismiss a case for failure to comply with Federal Rule if Civil Procedure 41(b). Rule 41(b) provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." *See id*. Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See Bradley v. Markel Serv., Inc.*, No. 22-CV-8928 (KMK), 2023 WL 7624771, at *1 (S.D.N.Y. Nov. 14, 2023); *see also Hall v. Oriska Corp Gen.*

*Contracting*, No. 21-1564, 2022 WL 17420307, at *2 (2d Cir. Dec. 6, 2022) (summary order) (citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see Smolen v. Brown*, No. 18-CV-7621, 2023 WL 7386666, at *2 (S.D.N.Y. Nov. 7, 2023) (citing *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004)), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *see id.* (citing *LeSane*, 239 F.3d at 209 (quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972))). "The Second Circuit has further cautioned that 'pro se plaintiffs should be granted special leniency regarding procedural matters.'" *Lucien v. Williams*, No. 20-CV-8020, 2023 WL 7166057, at *1 (S.D.N.Y. Oct. 31, 2023) (quoting *LeSane*, 239 F.3d at 209 (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996))). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning." *Id.* (quoting *Jacobs v. Cty. of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008)).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Wood v. City of N.Y.*, No. 05-CV-2894, 2007 WL 2049686, at *1 (S.D.N.Y. July 13, 2007) (alterations in original) (quotation marks omitted) (quoting *LeSane*, 239 F.3d at 209); *see also McCray v. Lee*, No. 16-CV-1730, 2023 WL 7112707, at *1 (S.D.N.Y. Oct. 27, 2023) (same). No

single factor is dispositive. *See Smolen*, 2023 WL 7386666, at *2; *see also Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994) (same).

The Court concludes that these factors weigh in favor of dismissal of Plaintiff's case for failure to serve Defendants. Plaintiff has had since May 2023 to serve Defendant. (*See generally* Dkt.) In addition Plaintiff was directed on October 30, 2023, to show cause as to why this case should not be dismissed for failure to serve. (*See* Dkt. No. 2.) To date, Plaintiff has neither served Defendant, nor responded to the Court's Order. (*See generally* Dkt.) However, even though Plaintiff has counsel, dismissal without prejudice appropriately takes into account the efficacy of lesser sanctions. *See Waters v. Camacho*, 288 F.R.D. 70, 71–72 (S.D.N.Y. 2013) ("The sanction of dismissal without prejudice . . . complies with the fifth factor, considering the efficacy of lesser sanctions.").

Accordingly, Plaintiff's case is dismissed without prejudice for failure to prosecute. *See Kim v. Nelson*, No. 21-CV-6695, 2022 WL 992816, at *2 (S.D.N.Y. Mar. 31, 2022) (dismissing plaintiff's case for failure to prosecute, where plaintiff did not effectuate service on defendant); *Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Djokovic v. U.S. Justice Dep't*, No. 07-CV-2608, 2008 WL 3200191, at *1–2 (E.D.N.Y. Aug. 6, 2008) (dismissing case for, among other reasons, failure to prosecute where the plaintiffs were ordered to submit a letter stating "whether [they] intend[ed] to proceed with th[e] action," but plaintiffs failed to submit such a letter); *Lopez v. Cath. Charities of the Archdiocese of N.Y.*, No. 00-CV-1247, 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001)

(dismissing for failure to prosecute where plaintiff "ceased to prosecute [the] action at all" for three months).

    The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:  November 20, 2023
          White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE